UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-62112-CIV-COHN/Seltzer

DOREEN WHYTE,

    Plaintiff,

vs.

UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

### ORDER DENYING AMENDED MOTION TO TAKE DEPOSITION FOR USE AT TRIAL

**THIS CAUSE** is before the Court on Plaintiff's Amended Motion to Take Deposition for Use at Trial [DE 25], Defendant's Response [DE 27], and Plaintiff's Reply [DE 28]. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

Plaintiff filed this action against the United States Postal Service ("USPS") for claims of negligence under the Federal Tort Claims Act. Plaintiff alleges that she tripped and fell over a plastic binder/tie owned and utilized by the USPS. Complaint, ¶ 7. Plaintiff underwent two wrist surgeries as a result of her fall. Plaintiff has moved to use the deposition of Dr. Bernard Miot, Plaintiff's treating surgeon, at trial. Defendant opposes this motion.[1]

The Federal Rules of Civil Procedure govern the circumstances under which a party may use a deposition in court proceedings. As Dr. Miot works within 100 miles of the Fort Lauderdale Courthouse and is subject to subpoena, the only provision relevant

---

[1] On March 8, 2012, the Court granted the portion of Plaintiff's motion that sought to take Dr. Miot's deposition on April 17, 2012, after the discovery deadline [DE 26]. That portion of the motion was unopposed and sufficient cause was shown by Plaintiff.

to this motion is Fed. R. Civ. P. 32(a)(4)(E): "on motion and notice, that exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used." Plaintiff's motion contends that "treating physicians are frequently deposed with or without videotape and their testimony presented to the Court." Motion at ¶ 14. Plaintiff essentially argues that because this action involves a bench trial and Dr. Miot is a doctor, it is in the interest of justice to allow Plaintiff to use his deposition at trial.

Defendant opposes the motion, citing to Allgeier v. U.S., 909 F.2d 869, 876 (6th Cir. 1990), which explicitly rejected the argument that doctors are "automatically unavailable" to testify at trial under the Federal Rules or in federal practice. The Sixth Circuit concluded that the trial court abused its discretion in accepting this argument to find the required "exceptional circumstances" to allow use of the deposition. However, as Plaintiff notes in her reply, the Sixth Circuit also found no prejudice to defendant in allowing the deposition. Defendant USPS also relies upon Bobrosky v. Vickers, 170 F.R.D. 411, 414-15 (W.D. Va 1997) (collecting published and unpublished physician witness cases, some of which are in conflict),[2] wherein the court held that because the party offering the testimony failed to present any evidence or even asserted that the doctors' schedules or personal circumstances would preclude them from being able to appear in court, "exceptional circumstances" were not met.

In this action, Plaintiff contends that because Dr. Miot's fee for testifying at trial is between $4,500 and $5,000 for only three hours, and because this is a non-jury trial,

---

[2] Neither party cited to a case from the United States Court of Appeals for the Eleventh Circuit, nor to any federal district court in Florida. This Court could not find any such decisions in its own search.

that she has met the "exceptional circumstances" requirement in Fed. R. Civ. P. 32(a)(4)(E). Plaintiff has also offered to videotape Dr. Miot's deposition. While the Court agrees that "videotaped testimony prepared specifically for use at trial mitigates the concerns militating against the use of depositions in lieu of live testimony," Hague v. Celebrity Cruises, 2001 WL 546519, *2 (S.D.N.Y. May 23, 2001),[3] the Federal Rules make clear that live testimony is important – with no exceptions made for doctors or for bench trials. The increased cost to Plaintiff is also not an exceptional circumstance.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Amended Motion to Take Deposition for Use at Trial [DE 25] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of March, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record

---

[3] The Court in Hague relied upon the fact that the party opposing the deposition had previously agreed that the videotaped deposition would later be admissible at trial.