UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-62112-CIV-COHN/Seltzer

DOREEN WHYTE,

    Plaintiff,

vs.

UNITED STATES POSTAL SERVICE,

    Defendant.

_____/

## ORDER GRANTING MOTION TO STRIKE NON-DISCLOSED WITNESSES

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Non-Disclosed Witnesses [DE 36], Defendant's Response [DE 40], and Plaintiff's Reply [DE 41]. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

Plaintiff filed this action against the United States Postal Service ("USPS") for claims of negligence under the Federal Tort Claims Act. Plaintiff alleges that on Monday, March 30, 2009, she tripped and fell over a plastic binder/tie owned and utilized by the USPS. Complaint, ¶ 7. Plaintiff underwent two wrist surgeries as a result of her fall.

During discovery, the United States served its initial Fed. R. Civ. P. 26(a) disclosures listing two persons with knowledge in this action: Freddie Chan and Ann Kennedy. These witnesses were deposed on February 22, 2012 [DE 41-1]. During these depositions, it was learned that while Freddie Chan may have delivered the mail on the route in question one day per week, he was not the regular carrier. Rather, he was a substitute carrier on a number of routes. Deposition of Ann Kennedy at 11 [DE

41-1, p. 3 of 8].  Ann Kennedy was a supervisor of various routes and carriers, and did not herself touch or deliver the mail.  Kennedy testified that the regular carrier for the route involving 8480 Northwest 25th Street was Debbie Bonito, who still worked for the post office.  Id. at 16 [DE 41-1, p. 6 of 8].

After discovery closed on March 9, 2012, and after the summary judgment deadline, on March 30, 2012, Defendant served amended interrogatory responses listing four additional mail carriers who had delivered mail to the address in question (in addition to Debbie Bonito).  As it turns out, Freddie Chan never delivered mail to the address during the month prior to Plaintiff's accident.  Plaintiff seeks to strike these additional witnesses because of this late disclosure, and the prejudice to Plaintiff in preparing for trial, presently scheduled for the two week period commencing May 28, 2012.  Plaintiff contends that under the exclusion test in Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1353 (11th Cir. 2004), the testimony is important, the United States does not have a valid reason for failure to disclosing the witnesses, and the prejudice to Plaintiff is significant.

Defendant contends that failing to determine who delivered mail to Plaintiff's address during March of 2009 was a simple mistake.  Counsel argues that immediately upon learning of the mistake, supplemental disclosures were served.  Defendant suggests that no discovery rules violation has occurred that would warrant striking of witnesses under Fed. R. Civ. P. 37(c).  Defendant states that it will make the witnesses available for deposition and asks the Court to enlarge the discovery deadline for this purpose.

In reply, Plaintiff points out that Defendant was on notice that it had failed to

disclose the proper mail carrier at the February 22, 2012 depositions of the two witnesses who were timely disclosed.  Plaintiff also states that in preparing for trial, she was relying on the testimony of Freddie Chan and Ann Kennedy as to their knowledge of the use of the plastic bands, and did not pursue further "discovery to prove the authenticity of the bands that caused the Plaintiff to fall."  Reply, ¶ 23.  Plaintiff has no idea what the newly disclosed witnesses will say about the plastic bands, and no ability under the present schedule to rebut any testimony of the new witnesses.

The Court concludes that Defendant has failed to show a substantial justification for its failure to timely disclose any of the actual mail carriers for the route upon which Plaintiff was injured during the month preceding Plaintiff's accident.  Even accepting Defendant that a mistake was made when the initial disclosures were served in December, at the conclusion of the February 22, 2012 depositions of Chan and Kennedy, it was clear that neither was the regular mail carrier for that route.  The late disclosure of the multiple new witnesses cannot be simply excused under these circumstances.  The disclosures were not only late under the Court's scheduling order but also were not timely supplemented after February 22.  Plaintiff is prejudiced by these late disclosures of witnesses who purport to testify as to an important issue in the case.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Non-Disclosed Witnesses [DE 36] is hereby **GRANTED**, pursuant to Rule 37 and

Rule 26 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 30th day of April, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record