UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62112-CIV-COHN/SELTZER

DOREEN WHYTE,

    Plaintiff,

vs.

UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THIS CAUSE** came before the Court for a bench trial on May 29, 2012. The Court has carefully considered the testimony and credibility of the witnesses, the other evidence admitted during trial, and the arguments made by counsel. The Court has also considered the parties' Joint Pretrial Stipulation [DE 45], Plaintiff's Proposed Findings of Fact and Conclusions of Law [DE 47], and Defendant's Proposed Findings of Fact and Conclusions of Law [DE 48]. In accordance with Rule 52 of the Federal Rules of Civil Procedure, the Court makes the following findings of fact and conclusions of law.

**I.    Findings of Fact**

1. On the morning of March 30, 2009, Plaintiff Doreen Whyte ("Whyte") was walking with her husband, Gilbert Whyte, through their neighborhood in Sunrise, Florida.

2. While preparing to cross the street near the driveway of one of her neighbors, Sony Mondesir, Whyte's feet became caught in a white plastic band lying on the sidewalk, causing her to fall forward onto the driveway.

3. Shortly after the fall, Whyte's husband took her to a hospital emergency room, where she was treated and diagnosed with fractures of her left and right wrists.

4. Whyte later underwent surgery on both wrists, as well as physical therapy.

5. As a result of these treatments, Whyte incurred medical bills totaling $64,627.09, some of which she and her husband have paid.

6. Whyte still experiences pain and physical limitations from her injuries, especially in her left wrist, and she has scars on both wrists.

7. Whyte's husband kept the plastic band that tripped her, labeling it "the culprit."

8. The band, presented as a trial exhibit, is less than 1/4" wide and appears to be made of thin, shredable plastic.

9. Aside from a crossing pattern on the width of the band, it has no obvious distinguishing traits.

10. Although Whyte and her husband often walked along the same route in their neighborhood, neither of them had ever seen a white plastic band on the ground prior to Whyte's accident.

11. More than a year after Whyte's accident, she and her husband collected similar plastic bands in areas of the neighborhood (including a grassy swale near Mondesir's house) where employees of Defendant United States Postal Service ("USPS") parked their vehicles to deliver mail.

12. Whyte and her husband never saw a USPS employee drop one of the bands.

13. Mondesir observed USPS carriers drop plastic bands on his property a few times a week for about a year, but he could not recall the particular year when this happened.

14. Stephen Casella, a neighbor who heard Whyte fall and went to help her, did not see a plastic band at that time.

15. Sometime prior to the accident, Casella had seen several plastic bands on his property (across the street from Mondesir's house), but he did not know how they got there and did not see a USPS carrier discard them.

16. Whyte first notified USPS of her accident by submitting an administrative claim dated January 26, 2011.

## II. Conclusions of Law[1]

Whyte brought this action against USPS pursuant to the Federal Tort Claims Act ("FTCA").[2]  She claims that the plastic band that caused her fall and resulting injuries was discarded by a USPS employee acting in the course of his or her employment. Compl. [DE 1] ¶ 9.  Whyte's Complaint alleges that USPS acted negligently by discarding plastic bands where they could trip pedestrians and by failing to train its employees not to discard bands in such areas.  See id. ¶¶ 10-12.  USPS denies that one of its carriers dropped the band in question and further contends that it properly trains its employees on how to discard the plastic bands that are used to bundle mail for

---

[1]  Any of the conclusions of law herein that may represent findings of fact are adopted as findings of fact.

[2]  As relevant here, the FTCA provides that

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b)(1).

3

delivery.  Jt. Pretrial Stip. [DE 45] at 2.

Under the FTCA, liability for alleged negligent acts of federal employees generally depends on whether "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b)(1).  Thus, the parties agree that this action is governed by Florida negligence law.  Jt. Pretrial Stip. at 4.  To establish a negligence claim under Florida law, a plaintiff must prove four elements: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008) (per curiam) (citing Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003)).

For purposes of decision, the Court assumes that USPS had a duty to protect Whyte from injury by not discarding plastic bands where they could trip pedestrians.  The Court concludes, however, that Whyte has not shown by a preponderance of the evidence that USPS breached that duty here.  Whyte has presented no specific evidence showing that a USPS carrier was the source of the band that tripped her.  The testimony of Whyte and her husband proves, at most, that USPS carriers may have discarded similar plastic bands in Whyte's neighborhood more than a year after her accident.  Further, while Mondesir testified that USPS carriers regularly dropped plastic bands on his property, he could not recall with any degree of certainty when that occurred.  And though Casella saw plastic bands in his yard at some unspecified time before the accident, he did not know where they came from and never saw a USPS employee discard them.  Nor did Whyte offer any proof that plastic bands like the one

that tripped her are used exclusively by USPS. Absent some reliable evidence linking USPS to the plastic band that caused Whyte's fall on March 30, 2009, the Court cannot find by a preponderance of the evidence that a USPS carrier discarded that band. Because Whyte has not shown that USPS breached a duty to her, Whyte's negligence claims fail.[3]

### III.   Conclusion

For the reasons discussed above, the Court finds in favor of Defendant on Plaintiff's claims in this action. The Court will separately enter a final judgment in favor of Defendant based on these findings of fact and conclusions of law.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of May, 2012.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF

---

[3] USPS has raised a defense of comparative negligence. See Fla. Stat. § 768.81. Because Whyte has not shown that USPS was negligent, however, the Court need not decide whether Whyte was comparatively negligent.