UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62112-CIV-COHN/SELTZER

DOREEN WHYTE,

    Plaintiff,

vs.

UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO TAX COSTS**

**THIS CAUSE** is before the Court upon Defendant's Application for Taxation of Costs and Notice of Filing Bill of Costs [DE 58] ("Motion"). The Court has carefully considered the Motion, along with Plaintiff's Response [DE 59], and is otherwise fully advised in the premises.

**I.    Background**

Defendant United States Postal Service moves to tax costs against Plaintiff Doreen White following this Court's entry of judgment in favor of Defendant. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1); S.D. Fla. L.R. 7.3(c). The requested costs total $2,651.94 and include charges for deposition transcripts, service of subpoenas, and copies of documents. Plaintiff acknowledges that Defendant, as the prevailing party, is entitled to an award of costs. As discussed further below, however, Plaintiff objects to the recovery of certain costs claimed by Defendant. Based on these objections, Plaintiff contends that Defendant's taxable costs should be limited to $2,175.94.

**II.    Analysis**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party."[1]  A prevailing party's recoverable costs are listed in 28 U.S.C. § 1920.[2]  Here, because the Court found in Defendant's favor on Plaintiff's claims, Defendant is the prevailing party and is entitled to recover taxable costs as allowed by section 1920.  Plaintiff argues, however, that four items listed in Defendant's Motion are not recoverable costs.  The Court addresses Plaintiff's objections in turn below.[3]

**A.    Deposition Costs**

Plaintiff first argues that the costs of deposing two of Defendant's employees, Freddie Chan and Ann Kennedy, are not taxable because neither witness testified at trial.  Defendant seeks a total of $215.00 for copies of Chan's and Kennedy's deposition transcripts.  See DE 58-1 at 9.

Section 1920(2) permits taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Under this

---

[1] Although "costs **against** the United States, its officers, and its agencies may be imposed only to the extent allowed by law," Fed. R. Civ. P. 54(d)(1) (emphasis added), the United States may **recover** costs to the same extent as a private party. See Pine River Logging & Improvement Co. v. United States, 186 U.S. 279, 296 (1902).

[2] Section 1920 provides that the following costs are taxable:  (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and distributions for printing and witnesses; (4) fees for exemplification and copies of materials necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  See 28 U.S.C. § 1920.

[3] Defendant has not filed a Reply responding to Plaintiff's objections.

provision, the cost of a deposition transcript is taxable so long as the deposition was "necessarily obtained for use in the case." See EEOC v. W&O, Inc., 213 F.3d 600, 620-21 (11th Cir. 2000). A deposition is considered necessary if it was "related to an issue which was present in the case at the time the deposition was taken." Id. at 621 (internal quotation marks omitted). Accordingly, the fact that neither Chan nor Kennedy testified at trial does not foreclose an award of costs for their depositions. See Independence Tube Corp. v. Copperweld Corp., 543 F. Supp. 706, 718 (N.D. Ill. 1982) ("The standard for awarding the cost of depositions is not whether the deposition was related to an issue presented at trial but whether it was related to an issue which was present in the case at the time the deposition was taken.").

During the course of this action, however, it came to light that Defendant had mistakenly identified Chan and Kennedy as persons with knowledge of the issues in this case. As the Court previously noted, Chan was not the regular mail carrier on Plaintiff's route, nor did he deliver mail to her during the month before her accident. See DE 44 at 1-2. Kennedy, moreover, "was a supervisor of various routes and carriers, and did not herself touch or deliver the mail." Id. at 2. In granting Plaintiff's motion to strike certain substitute witnesses that Defendant belatedly disclosed, the Court found that Defendant had "failed to show a substantial justification for its failure to timely disclose any of the actual mail carriers for the route upon which Plaintiff was injured during the month preceding Plaintiff's accident." Id. at 3. Further, the deposition excerpts submitted with that motion suggest that Chan and Kennedy had no direct knowledge concerning Plaintiff's specific claims in this action. See DE 41-1.

Given Defendant's mistaken designation of Chan and Kennedy as persons with knowledge of Plaintiff's claims, the Court finds that their depositions were not

3

"necessarily obtained for use in the case." 28 U.S.C. § 1920(2); see W&O, Inc., 213 F.3d at 620-21.  Although Defendant may not have known until their depositions were taken that Chan and Kennedy had no direct knowledge regarding Plaintiff's claims, see DE 44 at 3, it was Defendant's responsibility to ensure that the correct employees were designated as witnesses.  See Independence Tube Corp., 543 F. Supp. at 718-19 (explaining that a non-prevailing party may object to taxing costs of a deposition if the prevailing party "should have known before taking the deposition or asking the questions that the witnesses would not have any useful information").  The Court therefore declines to award the $215.00 cost of these depositions to Defendant.

### B. Service Fees

Plaintiff also objects to awarding Defendant the $80.00 cost of serving a subpoena on Dr. David Saltzman.  Defendant's Motion indicates that Dr. Saltzman was served with a subpoena duces tecum during discovery.  See DE 58-1 at 2, 13.  Plaintiff challenges this cost because Dr. Saltzman "did not testify, and his medical records were not admitted into evidence at trial." DE 59 at 1.

"[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921." W&O, Inc., 213 F.3d at 624.[4]  The exhibits offered by the parties at trial indicate that Dr. Saltzman was Plaintiff's primary-care physician.  While the trial exhibits do not suggest that Dr. Saltzman played a significant role in treating Plaintiff's injuries caused by her fall, it was nonetheless reasonable for Defendant to seek discovery from Dr. Saltzman.

---

[4] The Court recognizes that the $80.00 charge for serving Dr. Saltzman's subpoena exceeds $55.00, the standard hourly rate that the U.S. Marshals Service charges for serving a document.  See 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3); W&O, Inc., 213 F.3d at 624.  This charge appears justified, however, because the process server was required to serve the subpoena at two separate addresses. See DE 58-1 at 13.  Also, Plaintiff has not challenged the service fee as excessive.

4

Given the significant injuries sustained by Plaintiff, it was logical for Defendant to determine whether Dr. Saltzman, Plaintiff's primary doctor, possessed any information relevant to this action.  Therefore, the Court finds that the $80.00 cost of serving the subpoena on Dr. Saltzman is taxable.

    **C.    Copying Charges**

Last, Plaintiff disputes two copying charges for which Defendant seeks reimbursement.  A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  Although the non-prevailing party normally has the burden to show that a cost is not taxable, the prevailing party "bears the burden of submitting a request for [costs] that would enable the Court to determine what [costs] were incurred and whether [the prevailing party] is entitled to them." Lee v. Am. Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000).  Knowledge regarding a proposed copying cost "is a matter within the exclusive knowledge of the prevailing party." Ferguson v. N. Broward Hosp. Dist., No. 10–61606–CIV, 2011 WL 3583754, at *3 (S.D. Fla. Aug. 15, 2011) (internal quotation marks omitted).  Thus, in order to recover copying costs, the prevailing party must present evidence "regarding the documents copied including their use or intended use." Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994).

Plaintiff first objects to an $86.00 charge for copying trial exhibits as "vague and non-specific." DE 59 at 1.  The invoice submitted by Defendant shows that 1,911 copies were produced at a cost of $0.045 each, and that the copies were made for purposes of this case about a week before trial. See DE 58-1 at 11. Based on the volume of trial exhibits offered by Defendant, and assuming that Defendant produced

5

several copies of these exhibits for trial, the Court finds that the number of copies was necessary and adequately documented.  Further, the $0.045 charge for each copy was quite reasonable.  See, e.g., Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1336 (S.D. Fla. 2009) (indicating that copying charges of $0.10 to $0.14 per page are reasonable).  The Court therefore concludes that the $86.00 cost for copies of trial exhibits is taxable.

Plaintiff also contests a $95.00 fee for copying Plaintiff's x-rays from Plantation General Hospital, noting that Defendant did not use the x-rays at trial.  Defendant's invoice shows that an x-ray copying service produced copies of ten of Whyte's x-rays at a total cost of $95.00.  See DE 58-1 at 8.  But Defendant has not explained why copying these x-rays was necessary, nor is the reason apparent from the record.  Consequently, the Court declines to award this cost to Defendant.

### III.   Conclusion

Accordingly, as detailed above, it is **ORDERED AND ADJUDGED** that Defendant's Application for Taxation of Costs and Notice of Filing Bill of Costs [DE 58] is hereby **GRANTED IN PART and DENIED IN PART**.  Defendant United States Postal Service shall recover $2,341.94 in costs from Plaintiff Doreen Whyte.  The Court will enter a separate final judgment regarding these costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of September, 2012.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF